UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              Case No.: 8:17-cr-174-T-27CPT

**JASON JEROME SPRINGER**

_____/

## ORDER

**BEFORE THE COURT** is Defendant Springer's Motion for Reconsideration (Dkt. 130). He seeks "reconsideration of sentence[] imposed pursuant to F.R.C.P. 60(B) and the extraordinary circumstances created by COVID-19 and this courts own recommendation." (Id. at 1). A response is unnecessary. The motion is **DENIED without prejudice**.

Springer was indicted and charged with threatening to kill a federal judge (Count One), endeavoring to obstruct justice (Count Two), and attempted witness tampering (Count Three). (Dkts. 1, 43). A jury found him guilty on Counts Two and Three, but not on Count One. (Dkt. 80). Springer was sentenced to 33 months imprisonment and three years of supervised release. (Dkt. 97). In his motion, he asserts that it "was determined [he] is ineligible for early release according to 18 USC 3621." (Dkt. 130 at 2). He further "asks this Court for reconsideration of time served in light of the Attorney General's enactment of the Care[s] Act and the extraordinary circumstances involved," including the Bureau of Prisons' purported inability "to control and treat the coronavirus." (Id. at 3). He further requests that this Court consider his post-sentencing conduct, including his completion of the Residential Drug Abuse Program, in granting relief. (Id. at 4; Dkts. 130-1, 130-3).

1

However, Springer cites no authority finding that his assertions constitute a basis to reconsider his sentence under Rule 60 of the Federal Rules of Civil Procedure. *See United States v. Ford*, 677 F. App'x 628 (11th Cir. 2017). To the extent his motion is construed as a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act, the request is also due to be denied. *See United States v. Hunt*, 660 F. App'x 815, 817 (11th Cir. 2016) (finding district court did not err in construing Rule 60(b) motion as motion for a reduced sentence under 18 U.S.C. § 3582(c)(2)).

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after exhausting administrative remedies within the Bureau of Prisons. *See* First Step Act of 2018, § 603(b). Springer provides no documentation reflecting that he has exhausted all available administrative remedies in the Bureau of Prisons. Even if he had, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. Springer's purported basis for relief does not fall within these circumstances, and this Court is therefore without authority to grant his request.

Finally, to the extent Springer moves for reconsideration of the order denying his motion under 28 U.S.C. § 2255, he fails to set forth any basis for reconsideration. *Springer v. United States*, 8:19-cv-1843-T-27CPT, ECF: 26. Accordingly, his motion is **DENIED without prejudice**.

**DONE AND ORDERED** this 16th day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record