UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No.: 8:17-cr-174-T-27CPT

JASON JEROME SPRINGER

_____/

## ORDER

**BEFORE THE COURT** is Defendant Springer's "Motion in Response to Denial Without Prejudice and Memorandum of Law in Support of Petitioner Motion for Compassionate Release" (Dkt. 132). A response is unnecessary. The motion is **DENIED without prejudice**.

This Court denied without prejudice Springer's previous construed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), since he had not identified any extraordinary and compelling reasons to warrant release. (Dkt. 131). Springer filed this renewed motion, raising concerns about COVID-19 and asserting that he lives in a "dorm-like housing unit with over 90 inmates" with whom he "share[s] a single bathroom and shower area." (Dkt. 132 at 2-3). He further asserts that he is a "42 year-old, African-American, non-violent offender with a history of acute asthma," suffers from chronic renal failure, anxiety, and depression, and has a family history of heart disease. (Id. at 3-4, 11). His assertions, however, fail to establish that compassionate release is warranted.

First, although Springer alleges that "thirty days has lapsed since [he] attempted administrative remedy as is – general counsel has not responded," (id. at 4), he has provided no documentation reflecting that he exhausted administrative remedies as to a request for

1

compassionate release based on his asserted medical issues. Rather, his attached "Response to Inmate Request to Staff Member" relates to a request based on "non-medical circumstances – incapacitation of a spouse or registered partner." (Dkt. 132-1). And courts have rejected his contention that the exhaustion requirement can be waived by a court. (Dkt. 132 at 9-10); *see, e.g.*, *United States v. Smith*, Case No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020); *United States v. Kranz*, Case No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020).

Even if Springer has fully exhausted his administrative remedies, or the requirement can be waived, as explained in the order denying his previous motion, he fails to identify extraordinary and compelling reasons warranting compassionate release. Although he asserts that he has completed three-fourths of his sentence, he does not satisfy the remaining criteria for compassionate release based on age. (Dkt. 132 at 3); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, cmt. n.1. Nor does he provide any medical documentation that supports his asserted medical conditions or a finding that the conditions make him unable to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

Finally, Springer contends that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent to any determination by the United States Sentencing Commission or Bureau of Prisons. (Dkt. 132 at 8-9). Courts have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if true, this Court finds that Springer has failed to assert an adequate basis to warrant compassionate release.

Accordingly, in the absence of extraordinary and compelling reasons warranting compassionate release, the motion is **DENIED without prejudice**.

**DONE AND ORDERED** this 25th day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record